# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS POPULIN,<br><br>        Petitioner,<br><br>   v.<br><br>JOHN MARSHALL, Warden<br><br>        Respondent.<br>_____/ | 1:08-cv-00935-SMS (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[Doc. 13] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  (Court Docs. 8, 16.)

     On August 21, 2008, Petitioner filed a motion for a preliminary injunction entitled "Judicial Notice: Emergency Injunction fo Relief from Adverse Transfer." (Court Doc. 13.) Petitioner claims that Warden John Marshall has authorized an adverse transfer to a different prison facility in retaliation.

     This Court's jurisdiction was invoked and is defined by the claims raised in the petition for writ of habeas corpus filed on May 28, 2008, which challenge the validity of Petitioner's sentence and conviction for attempted kidnaping.  (Court Doc. 1.)

     Petitioner's motion neither contains a cause of action for similar permanent injunctive relief nor contains claims relating to the same or similar issues.  Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or

1

1  controversy.  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the
2  court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir.
3  1972).  Since the petition in this case does not contain allegations raising issues similar to those
4  presented in the instant motion, there is no controversy present with respect to such issues and, as
5  a result, the court cannot address either the likelihood of success on the merits or whether there
6  are serious questions going to the merits of plaintiff's claims.

7       Petitioner is informed that claims concerning the conditions of one's confinement are
8  properly raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which provides a
9  remedy for violation of civil rights by state actors.   A habeas corpus petition is the correct
10 method for a prisoner to challenge the "legality or duration" of his confinement.  <u>Badea</u>, 931 F.2d
11 at 574, *quoting* <u>Preiser</u>, 411 U.S. at 485; Advisory Committee Notes to Rule 1 of the Rules
12 Governing Section 2254 Cases.

13      Petitioner's request is not properly brought in a petition for writ of habeas corpus.
14 Petitioner's motion clearly concerns the conditions of his confinement and thus is appropriately
15 raised in a civil rights action pursuant to 42 U.S.C. § 1983.  Accordingly, the Court HEREBY
16 ORDERS that Petitioner's Motion for a preliminary injunction and/or temporary restraining
17 order is DENIED.

19 IT IS SO ORDERED.
20 **Dated:   September 11, 2008**             /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE