1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS POPULIN, | 1:08-cv-00935-SMS (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION AS UNTIMELY, DIRECTING CLERK OF COURT TO DISMISS PETITION, WITH PREJUDICE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| JOHN MARSHALL, Warden | |
| Respondent. | [Doc. 18] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  (Court Docs. 8, 16.)

## BACKGROUND

    Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") pursuant to the August 3, 1999, judgment in the California Superior Court, County of Kern.

    Petitioner filed a timely notice of appeal.  The California Supreme Court denied his petition for review on September 19, 2001.  (Lodged Doc. No. 1.)

    On April 29, 2004, Petitioner filed a state petition for writ of habeas corpus in the Kern County Superior Court.  (Lodged Doc. No. 2.)  The petition was denied on the merits on October 13, 2004.  (Lodged Doc. No. 3.)

    On March 15, 2005, Petitioner filed a petition in the California Court of Appeal, Fifth

1   Appellate District.  (Lodged Doc. No. 4.)  On August 4, 2006, the petition was denied, without

2   prejudice, for failure to exhaust his remedy of filing a petition for writ of habeas corpus in the

3   superior court, citing People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Hillery, 202

4   Cal.App.2d 293, 294 (1962).  (Lodged Doc. No. 5.)

5       Thereafter, on October 13, 2006, Petitioner filed a second habeas corpus petition in the

6   Kern County Superior Court, which was denied on the merits on July 5, 2007.  (Lodged Doc.

7   Nos. 6, 7.)

8       On January 17, 2008, Petitioner filed a habeas petition in the California Supreme Court.

9   (Lodged Doc. No. 8.)  On April 9, 2008, the Court denied the petition citing to In re Swain, 34

10  Cal.2d 300, 304 (1949), and In re Robbins, 18 Cal.4th 770, 780 (1998).

11      Petitioner filed the instant petition for writ of habeas corpus on May 28, 2008, in the

12  United States District Court for the Central District of California.  (Court Doc. 1.)  On July 2,

13  2008, the petition was transferred to this Court.  (Court Doc. 5.)

14      Respondent filed the instant motion to dismiss the petition as time-barred under 28

15  U.S.C. section 2244(d)(1).  (Court Doc. 18.)  Petitioner did not file an opposition.

16                          DISCUSSION

17  A.    Procedural Grounds for Motion to Dismiss

18      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

20  entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

21      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

22  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

23  the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

24  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

25  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

26  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

27  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

28  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

1  Supp. at 1194 & n. 12.

2      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

3  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

4  to dismiss pursuant to its authority under Rule 4.

5  B.    <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

6      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

7  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

8  corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,

9  2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

10  S.Ct. 586 (1997).  The instant petition was filed on May 28, 2008, and thus, it is subject to the

11  provisions of the AEDPA.

12      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

13  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

14  subdivision (d) reads:

15      (1)  A 1-year period of limitation shall apply to an application for a writ of
16  habeas corpus by a person in custody pursuant to the judgment of a State court.
    The limitation period shall run from the latest of –

17      (A) the date on which the judgment became final by the conclusion of
    direct review or the expiration of the time for seeking such review;
18

19      (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is
20  removed, if the applicant was prevented from filing by such State action;

21      (C) the date on which the constitutional right asserted was initially recognized
    by the Supreme Court, if the right has been newly recognized by the Supreme Court and
22  made retroactively applicable to cases on collateral review; or

23      (D) the date on which the factual predicate of the claim or claims
    presented could have been discovered through the exercise of due diligence.
24

25      (2) The time during which a properly filed application for State post-
    conviction or other collateral review with respect to the pertinent judgment or
    claim is pending shall not be counted toward any period of limitation under this
26  subsection.

27      In most cases, the limitation period begins running on the date that the petitioner's direct

28  review became final.  Here, the petition for review was denied by the California Supreme Court

3

on September 19, 2001.[1]  Thus, direct review would conclude on December 18, 2001, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[2]  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from December 19, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

---

[1]Cal. R. Ct. 8.532(b)(2) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2]See U.S. Sup.Ct. R. 13(1)

1    _____Here, Petitioner's first post-conviction collateral petition was not filed until April 29,

2    2004, well over a year after the limitations period expired on December 19, 2002.  Because the

3    limitations period had already expired, the collateral challenge had no tolling consequence.

4    Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where

5    the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th

6    Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

7    D.    Equitable Tolling

8          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

9    that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

10   stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

11   of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

12   (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

13   denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

14   tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

15   Enters., 5 F.3d 391, 395 (9th Cir.1993).

16         Here, Petitioner did not file an opposition to Respondent's motion, and the Court finds no

17   reason to equitably toll the limitations period.

18                                        ORDER

19         Based on the foregoing, it is HEREBY ORDERED that:

20   1.    Respondent's motion to dismiss the instant petition for writ of habeas corpus as time-

21         barred under § 2244(d)(1) is GRANTED;

22   2.    The instant petition for writ of habeas corpus is DISMISSED, with prejudice; and,

23   3.    The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack

24         v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must

25         show: (1) that jurists of reason would find it debatable whether the petition stated a

26         valid claim of a denial of a constitutional right; and (2) that jurists of reason would

27         find it debatable whether the district court was correct in its procedural ruling.  Slack

28         v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find

                                          5

that jurists of reason would find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).   Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:**   **October 30, 2008**                          **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE